## HANHART v. LABE IMPORTING CO.

(Supreme Court, Appellate Term, First Department. March 13, 1916.)

SALES ☞166(5)—SALES BY SAMPLE—COMPLIANCE WITH SAMPLE.

 Where silk scarfs were sold by sample, the buyer, regardless of his good faith, cannot be required to accept scarfs materially shorter than the sample.

 [Ed. Note.—For other cases, see Sales, Cent. Dig. § 400; Dec. Dig. ☞166(5).]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Ernest Hanhart against the Labe Importing Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

Ferris, Dannenberg & Ansbacher, of New York City (Jacob Ansbacher, of New York City, of counsel), for appellant.

Harvey T. Andrews, of New York City (William Barnes, of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff sold to the defendant 50 dozen silk scarfs, known as No. 177, at $21 per dozen. The sale was made by sample, and some of the samples were delivered to the defendant. Thereafter the defendant accepted delivery of a part of the order, but at a reduced price. After the price was reduced, the plaintiff tendered the remainder of the order; but the defendant refused to accept the scarfs. The plaintiff thereafter sold the undelivered scarfs at a lower price, and has recovered judgment for the resulting loss.

The defendant at the trial sought to justify his refusal to accept the delivery on the ground that the scarfs tendered to him did not comply with the sample, in that they were materially shorter. There was a sharp conflict of testimony in regard to the conversations and transactions leading up to the reduction on price of the scarfs which the defendant accepted. The trial justice undoubtedly resolved this conflict of testimony in favor of the plaintiff. This testimony, however, was material only upon the question of the good faith of the defendant's refusal, but did not bear directly upon the only real issue, viz.: Did the goods tendered by the plaintiff comply with the sample?

Upon this issue the plaintiff testified only that the goods complied with the sample in "quality and character." On the other hand, the defendant not only testified that the scarfs were materially shorter, but he subpœnaed one of the men who eventually purchased some of the scarfs from the plaintiff, and produced in court one of the scarfs sold to him. This scarf by actual measurement was almost five inches shorter than the sample. It seems to me that upon this record it is impossible to hold that the scarfs tendered complied with the sample.

Judgment should therefore be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.